UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>ABM INDUSTRIES, INC.,<br><br>　　　　Defendant(s). | No.  C09-4593 BZ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

　　　Before the Court is defendant's motion to dismiss plaintiff's first amended complaint ("complaint") for failure to state a claim upon which relief can be granted, or in the alternative for a more definite statement.[1]  For the following reasons, defendant's motion is **DENIED**.

　　　Plaintiff brought this Title VII action on behalf of seven Hispanic individuals ("charging parties") and alleges claims for race/national origin discrimination and retaliation.  FAC ¶¶ 4, 7-8, 14.  Defendant's principal

---

[1]　All parties have consented to my jurisdiction, for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

1  argument is that the complaint contains "mere recitations"
2  that should be "entitled to no weight" at this stage, and
3  that under the pleading standard adopted in <u>Bell Atlantic v.</u>
4  <u>Twombly</u>, 550 U.S. 544 (2007), the complaint is insufficient
5  because it "fails to allege claims that plausibly suggest an
6  entitlement to relief."  Motion at 2; Reply at 5.
7       Having reviewed the complaint, I find that it provides
8  enough information to state a facially plausible claim of
9  discrimination and gives defendant fair notice of the basis
10 of the claim.[2]  The complaint alleges specific discriminatory
11 acts, including the "replacement" of Hispanic employees with
12 non-Hispanic employees, unjustified, constant "criticism,"
13 threats of termination, recruitment of security guards "to
14 complain" about the employees' performance, and "forcing [the
15 employees] to re-clean areas they had already cleaned."  FAC
16 ¶ 10.  These allegations are more than "labels" or general
17 assertions of discrimination.  Plaintiff lists discrete acts
18 that specify the form of the alleged harassment, as well as
19 the nature of the job discrimination - removal and
20 replacement by non-Hispanic employees.  The complaint alleges
21 that these acts were committed by "defendant's supervisors
22 and foremen" starting "no later than February 15," and it
23 specifies which charging parties claim injury from each act.
24 FAC ¶¶ 8-10.  This provides defendant with enough information

---

26  [2]  I am mindful that by law, the EEOC files a complaint only after having investigated the charge, found reasonable
27  cause to believe the charge was true and failed to eliminate the problem by "informal methods of conference, conciliation,
28  and persuasion."  42 U.S.C. § 2000e-5(b),(f)(1).

2

to investigate the claim and answer the complaint. No further specificity is required. See Swierkiewicz v. Sorema, 534 U.S. 506, 508 (2002); Al-Kidd v. Ashcroft, 580 F.3d 949, 974 (9th Cir. 2009); Williams v. Boeing, 517 F.3d 1120, 1130 (9th Cir. 2008).

Plaintiff sufficiently states a retaliation claim for the same reasons. The FAC alleges that the harassment complained of by Gomez, Rodas, and Hernandez is retaliatory, in addition to being discriminatory. It also alleges that defendant is responsible, that the retaliation began on April 14, 2005, and that the reason for the harassment was because the charging parties "complained" about their treatment "and/or because they filed charges" with the EEOC. FAC ¶ 15. These allegations are sufficiently specific to give defendant notice of the conduct at issue.

I find no need for argument and **VACATE** the hearing scheduled for **May 5, 2010**. For the foregoing reasons, **IT IS ORDERED** that defendant's Motion to Dismiss is **DENIED** and that defendant shall answer by **April 30, 2010**.

Dated: April 9, 2010

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\EEOC V. ABM\ORDER DENYING D'S MOT TO DISMISS v3.wpd

3